# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PHILLIP T. SLIWINSKI,
          **Plaintiff,**

v.                                           Case No. 06C0637

NANETTE HEGERTY, THE BOARD OF
FIRE AND POLICE COMMISSIONERS FOR
THE CITY OF MILWAUKEE, and
CITY OF MILWAUKEE,
          **Defendants.**

## DECISION AND ORDER

Plaintiff Phillip T. Sliwinski, a former City of Milwaukee police officer, brought this § 1983 action in state court seeking reinstatement and back pay pending a hearing before the City's Board of Fire and Police Commissioners ("the Board") on departmental charges arising out of an alleged theft. Defendants removed the action, and the parties now cross-move for summary judgment.

## I. BACKGROUND

In 2002, Milwaukee's police chief terminated plaintiff after concluding that he stole $1,000 from a cache of what he thought was drug money but actually was FBI bait money. Pursuant to state law, a Milwaukee police officer's termination is not final until the Board holds a hearing and sustains the termination. In March 2004, after holding a hearing, the Board upheld plaintiff's termination at which point plaintiff ceased receiving pay and benefits. Plaintiff appealed the Board's decision, and the circuit court affirmed. Subsequently, the state court of appeals reversed, concluding that although the department presented sufficient evidence to justify plaintiff's termination, the Board erred

by denying him access to a witness and to evidence. The court remanded the case to the Board for a new hearing. Sliwinski v. Bd. of Fire & Police Comm'rs, 289 Wis. 2d 422 (Ct. App. 2005). Plaintiff then commenced the present action, arguing that he has a due process right to reinstatement and back pay pending the Board's decision. I will state additional facts in the course of the decision.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, I must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When both parties have moved for summary judgment, both are required to show that no genuine issues of fact exist, taking the facts in the light most favorable to the party opposing each motion. If issues of fact exist, neither party is entitled to summary judgment. Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt, 700 F.2d 341, 349 (7th Cir. 1983).

### III.  DISCUSSION

**A.     Jurisdiction**

Defendants argue that I lack jurisdiction based on the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-93 (2005).  It is odd that after removing the case, defendants challenge federal jurisdiction.  Regardless, I address their argument.  The Rooker-Feldman doctrine, named for two seminal Supreme Court cases, bars federal jurisdiction when a federal plaintiff alleges an injury caused by a state court judgment.  Id. at 291-92.  The doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Id. at 284.  Thus, if a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."  Id. at 293.  The Seventh Circuit has suggested that if a federal plaintiff was also a state-court plaintiff, he must generally contend with preclusion, rather than Rooker-Feldman.  This is so because a former state-court plaintiff is usually seeking to ignore a state court's legal conclusion with respect to an injury caused by a former state-court defendant, rather than challenging an injury caused by the state court itself.  Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 703 (7th Cir. 1998).

In the present case, plaintiff alleges that he has been injured by defendants' failure to reinstate him with back pay rather than by a state court judgment.  He does not

3

challenge an injury caused by the state court. Thus, the Rooker-Feldman doctrine does not bar federal jurisdiction.

**B.     Preclusion**

Defendants also raise the defense of preclusion. To determine whether plaintiff's claim is precluded, I look to Wisconsin law. See Zurich Am. Ins. Co. v. Super. Ct. for State of Cal., 326 F.3d 816, 819 (7th Cir. 2003). The doctrine of claim preclusion holds that a final judgment is conclusive in all subsequent actions between the same parties as to matters that were or could have been litigated. Menard, Inc. v. Liteway Lighting Prods., 282 Wis. 2d 582, 595-96 (2005). It requires: "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction." Id. at 596. Issue preclusion, which does not require a strict identity of parties, applies when an issue raised was actually decided in the prior case. N. States Power Co. v. Bugher, 189 Wis. 2d 541, 550-551 (1995). The decision in the prior case need not be a final judgment but must be "sufficiently firm to be accorded conclusive effect." Restatement (Second) of Judgments § 13 (1982).

In their extremely perfunctory discussion of preclusion, defendants do not make clear whether they seek to invoke claim or issue preclusion, but their citation to Conway v. Division of Conservation, 50 Wis. 2d 152, 159 (1971), suggests the former. However, any claim preclusion defense fails because no prior court has issued a final judgment. See Special Souvenirs, Inc. v. Town of Wayne, 56 F. Supp. 2d 1062, 1080-81 (E.D. Wis. 1999) (rejecting defense of claim preclusion because prior case had been remanded and no judgment existed). If defendants seek to invoke issue preclusion, their claim also fails.

4

This is so because plaintiff did not argue in the court of appeals, and the court did not decide, whether plaintiff has a due process right to reinstatement and back pay pending the rehearing. Rather, plaintiff argued that he had a right to permanent reinstatement because the hearing he received was grossly deficient.

**C.     § 1983 Claim**

In order to prevail on his § 1983 claim, plaintiff must establish that defendants deprived him of a federal constitutional right. Reed v. City of Chi., 77 F.3d 1049, 1051 (7th Cir. 1996). Plaintiff contends that defendants deprived him of his constitutional right not to be deprived of "property without due process of law." U.S. Const. amend 14, § 1. The parties do not dispute that under Wisconsin law, a police officer has a property interest in his job, see Wis. Stat. § 62.50(11); Colburn v. Trs. of Ind. Univ., 973 F.2d 581, 589 (7th Cir. 1992), that defendants deprived plaintiff of such interest and that he was entitled to due process.

To provide a tenured employee with due process prior to termination, a state must give him notice concerning the reason for his termination, an explanation of the evidence against him and an opportunity to tell his side of the story. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546-47 (1985); Head v. Chi. Sch. Reform Bd. of Trs., 225 F.3d 794, 803-04 (7th Cir. 2003). In addition, after termination, the state must give him a meaningful opportunity to challenge the termination before an impartial decision-maker, including the right to cross-examine adverse witnesses. See Goldberg v. Kelly, 397 U.S. 254, 269-70 (1970).

Because plaintiff will yet be receiving a post-termination hearing, the question of whether he received due process depends on whether defendants gave him notice of the

5

reason for his termination, explained the evidence against him and gave him the chance to respond. Defendants clearly satisfied these obligations at plaintiff's initial hearing.[1] Thus, assuming that defendants hold a new hearing as ordered by the court of appeals (and plaintiff provides no reason to believe that they will not), defendants will have complied with due process. Plaintiff argues based on several Wisconsin statutory provisions, Wis Stat. § 62.50(11), (16), (17) and (18), that defendants had to give him a full, trial-type hearing prior to termination. This may be true as a matter of state law; however, it is not true as a matter of federal constitutional law. See Loudermill, 470 U.S. at 546-47. Thus, plaintiff's § 1983 claim fails.

In his reply brief, plaintiff mentions Wis. Stat. § 62.50(22), which addresses reversals of Board decisions and states that in such cases, discharged officers "shall forthwith be reinstated." Plaintiff does not make clear whether he is arguing that this provision creates a property interest separate from that in his job, i.e., an interest in being reinstated after a reversal, but even if it does, plaintiff has not shown a denial of due process. This is so because adequate state remedies are available to plaintiff to vindicate any right to reinstatement that he has under § 62.50(22). "While a plaintiff is not required to exhaust state remedies to bring a § 1983 claim, this does not change the fact that no due process violation has occurred when adequate state remedies exist." Veterans Legal Def. Fund v. Schwartz, 330 F.3d 937, 941 (7th Cir. 2003). A plaintiff may not claim that "she was denied due process just because she chose not to pursue remedies that were

---

[1] The state court of appeals determined that plaintiff did not receive all of the process that he was entitled to under state law and the Constitution. However, it did not address whether plaintiff's hearing satisfied the minimal requirements of Loudermill.

6

adequate." Id. In the present case, either in the course of his appeal or pursuant to a post-reversal motion, plaintiff could have asked the state court of appeals to order that he be reinstated pursuant to § 62.50(22). However, he did not do so. Even now, I see no reason why plaintiff could not ask the Board or a court, pursuant to a mandamus action under Wis. Stat. § 783.01, to reinstate him based on § 62.50(22).

Ellis v. Sheahan, 412 F.3d 754 (2005), governs this issue. There, a corrections officer was suspended pending a termination hearing before a review board. After her hearing, held nearly two years later, the board ordered a sixty-day suspension and reinstated her. Id. at 755. After her employer declined to provide her with back pay for the full period of her suspension in excess of sixty days, she commenced at § 1983 action. The Seventh Circuit stated that even assuming that state law gave the plaintiff a property interest in pay during the period in question, the plaintiff should have asked the review board for back pay as part of her termination appeal and noted that the plaintiff could still sue the sheriff's department for back pay under state law. Id. at 756-57.

Plaintiff had ample opportunity to raise a § 62.50(22) argument as part of his state court appeal and could still raise it in one or more state fora. Due process does not require that defendants provide him with an additional, separate hearing to address his rights under § 62.50(22).

## IV. CONCLUSION

Therefore,

**IT IS ORDERED** that plaintiff's motion for summary judgment is **DENIED**.

7

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 18 day of April, 2007.

/s_____
LYNN ADELMAN
District Judge